# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

PAUL BENCHOFF,

                    Petitioner,

      v.

STATE OF ALASKA,

                   Respondent.[1]

Case No. 1:22-cv-00085-RRB

## **<u>ORDER OF DISMISSAL</u>**

On August 31, 2022, Petitioner Paul Benchoff, a self-represented prisoner, filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241.[2] Mr. Benchoff seeks to challenge his pretrial detention and "speedy trial violation with multiple civil rights violations, lack of due process, abuse of power, contempt, [and] failure on behalf of the judicial system to protect its citizens."[3]

Mr. Benchoff alleges four grounds for relief. First, he alleges that his Sixth Amendment speedy-trial rights are being violated, because "speedy trial rights are

---

[1] The Court notes that the State of Alaska is not a proper respondent in this case. The proper respondent in a § 2241 habeas corpus petition is the state officer who holds the petitioner in custody. For prisoners, this is usually the superintendent or warden of the prison in which the prisoner is held. Rule 2(a), Rules Governing Section 2254 Proceedings for the United States District Courts; *see also Belgarde v. State of Mont.*, 123 F.3d 1210, 1212 (9th Cir. 1997) ("A petitioner for habeas relief under Section 2254 must name the state officer having custody of him or her as a respondent. 'Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction.'" (citations omitted) (quoting *Stanley v. Cal. Sup. Ct.*, 21 F.3d 359, 360 (9th Cir. 1994)). Pursuant to this Court's Local Habeas Corpus Rules, the Section 2254 procedural rules also apply to § 2241 petitions. D. Ak. HCR 1.1(c)(1).

[2] Docket 1. Either with or subsequent to his petition, Mr. Benchoff filed multiple motions, including: to proceed *in forma pauperis* at Dockets 2 & 3; substitute his, presumably, state court counsel at Docket 4; to submit "supplemental evidence" at Docket 6; and for summary judgment to "dismiss due to failure to prosecute" at Docket 7.

[3] Docket 1 at 2.

effective immediately as said party is accused."[4]  Second, he alleges that his First

and Fourteenth Amendment rights to access the courts, challenge his conditions

of confinement, and petition the courts has been violated.[5]  Third, he alleges that

his Eighth Amendment right to be free from excessive bail has been violated.[6]

Fourth, he alleges that *Matthew v. Superior Court*[7] ensures that "constitutional

provisions are self-executing and independent of statutory implementation.[8]  For

relief, Mr. Benchoff requests, "full dismissal on all counts pertaining to all open

cases and I will be seeking civil litigation."[9]  In support of his petition, Mr. Benchoff

submits three exhibits:  (1) a complaint to the Alaska Commission on Judicial

Conduct; and (2) correspondence from the Alaska Commission on Judicial

Conduct; and (3) a supplemental statement from Mr. Benchoff.[10]

    The Court takes judicial notice of Mr. Benchoff's pending criminal cases

*State of Alaska v. Paul Benchoff*, Case Nos. 2NO-20-00147CR, 2NO-20-

00750CR,  2NO-20-00797CR,  2NO-21-00069CR,  2NO-21-00224CR,  2NO-21-

00457CR, 2NO-21-00477CR, and 2NO-21-00553CR.[11]

---

[4] Docket 1 at 6–7.
[5] Docket 1 at 7.
[6] Docket 1 at 7.
[7] No further citation given.
[8] Docket 1 at 8.
[9] Docket 1 at 8.
[10] Dockets 1-1, 1-2, 1-3.
[11] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact."  BLACK'S LAW DICTIONARY (11th ed. 2019); *see also Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice." (internal quotation marks and citation omitted)).

Case No. 1:22-cv-00085-RRB, *Benchoff v. State of Alaska*
Order of Dismissal
Page 2 of 11
Case 1:22-cv-00085-RRB   Document 8   Filed 10/24/22   Page 2 of 11

## SCREENING REQUIREMENT

28 U.S.C. § 2241 provides federal courts with general habeas corpus jurisdiction.[12] A petitioner may properly challenge pretrial detention under 28 U.S.C. § 2241.[13] A court must "promptly examine" a habeas petition.[14] "If it plainly appears from the petition any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."[15]

## DISCUSSION

A writ of habeas corpus allows an individual to test the legality of being detained or held in custody by the government.[16] The writ is "a vital 'instrument for the protection of individual liberty' against government power."[17]

Under 28 U.S.C. § 2241, this Court may grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States."[18] 28 U.S.C. § 2241 is the proper avenue for a state prisoner who seeks to challenge his state custody when there is no state judgment, such as here, where it appears Mr. Benchoff is challenging his pretrial detention.[19]

---

[12] *Rasul v. Bush*, 542 U.S. 466, 473 (2004).
[13] *See Stow v. Murashige,* 389 F.3d 880, 885–88 (9th Cir. 2004).
[14] Rule 4, Rules Governing Section 2254 Proceedings for the United States District Courts.
[15] *Id.*
[16] *Rasul*, 542 U.S. at 473–74.
[17] *Gage v. Chappell*, 793 F.3d 1159, 1167 (9th Cir. 2015) (quoting *Boumediene v. Bush*, 553 U.S. 723, 743 (2008)).
[18] 28 U.S.C. § 2241(c)(3).
[19] *Stow*, 389 F.3d at 886 ("By contrast, the general grant of habeas authority in § 2241 is available for challenges by a state prisoner who is not in custody pursuant to a state court

Upon screening, it plainly appears that Mr. Benchoff is not entitled to habeas relief pursuant to § 2241, because the Court lacks jurisdiction over his claims. The federal district court's limited habeas jurisdiction and the doctrine of *Younger* abstention compels the Court to abstain from exercising jurisdiction over Mr. Benchoff's current petition.

A federal court lacks jurisdiction over claims of constitutional violations that are not within the "core of habeas corpus."[20] The core of habeas corpus is relief that "terminates custody, accelerates the future date of release from custody, [or] reduces the level of custody."[21] In order to establish habeas jurisdiction, Mr. Benchoff must show that his claim or claims, if successful would "necessarily lead to his immediate or earlier release from confinement" or a "quantum change in the level of custody."[22]

Beyond the essential jurisdictional requirements of a habeas petition, a federal district court must also evaluate whether it may properly exercise jurisdiction. *Younger* abstention, first announced by the U.S. Supreme Court in *Younger v. Harris*,[23] requires that "[w]hen there is a parallel, pending state criminal

---

judgment—for example, a defendant in pre-trial detention or awaiting extradition.") (quoting *White v. Lambert,* 370 F.3d 1002, 1006 (9th Cir. 2004)).

[20] *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc).

[21] *Id.* at 929–30 (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 86 (2005) (Scalia, J., concurring)).

[22] *Id.* at 935; *Nettles v. Grounds ("Santos")*, 788 F.3d 992, 1005 (9th Cir. 2015) (holding that a federal district court had habeas jurisdiction over a petitioner's claim asking for a disciplinary record to be expunged, because the expungement would lead to a speedier release from punitive segregation.).

[23] 401 U.S. 37 (1971).

proceeding, federal courts must refrain from enjoining the state prosecution."[24]

*Younger* abstention applies when the following four requirements are met:

> (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding.[25]

If a case satisfies these four factors, a federal court must abstain from exercising jurisdiction over it unless there is "a showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate."[26]

The Ninth Circuit has recognized an "irreparable harm" exception to *Younger* abstention that applies "under extraordinary circumstances where the danger of irreparable loss is both great and immediate."[27] Under the irreparable harm exception, *Younger* abstention

> does not "require[] a district court to abstain from hearing a petition for a writ of habeas corpus challenging the conditions of pretrial detention in state court" where (1) the procedure challenged in the petition is distinct from the underlying criminal prosecution and the challenge would not interfere with the prosecution, or (2) full vindication of the petitioner's pretrial rights requires intervention before trial.[28]

---

[24] *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013).

[25] *Bean v. Matteucci*, 986 F.3d 1128, 1133 (9th Cir. 2021) (quoting *Page v. King*, 932 F.3d 898, 901–03 (9th Cir. 2019)).

[26] *Id.* (quoting *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018)).

[27] *Id.* (quoting *World Famous Drinking Emporium, Inc. v. City of Tempe*, 820 F.2d 1079, 1082 (9th Cir. 1987)).

[28] *Page*, 932 F.3d at 903 (alteration in original) (quoting *Arevalo*, 882 F.3d at 764).

The Ninth Circuit has applied this exception to a pretrial detainee's "colorable claim that a state prosecution [would] violate the Double Jeopardy Clause,"[29] to "a challenge to pretrial detention on the basis of a stale and scientifically invalid probable cause determination,"[30] to "a pretrial detainee's claim that he had been incarcerated for over six months without a constitutionally adequate bail hearing,"[31] and to a pretrial detainee's challenge of "forcible administration of antipsychotic medications."[32]   But the Ninth Circuit has not applied this exception to pre-conviction habeas petitions that "seek[] to vindicate a petitioner's speedy trial affirmative defense."[33]

Mr. Benchoff's petition meets each of the four *Younger* abstention requirements.   First, Mr. Benchoff's pending criminal case is an ongoing state proceeding.   Second, the Court takes judicial notice of the fact that in his pending criminal cases, Mr. Benchoff has been charged with seven felonies and thirty-eight misdemeanors.[34]   The State of Alaska has an important interest in prosecuting violations of its criminal laws.[35]   Third, Mr. Benchoff has adequate opportunities to

---

[29] *Bean*, 986 F.3d at 1133–34 (quoting *Dominguez v. Kernan*, 906 F.3d 1127, 1131 n.5 (9th Cir. 2018)).

[30] *Id*. at 1134 (citing *Page*, 932 F.3d at 904).

[31] *Id*. (citing *Arevalo*, 882 F.3d at 766–67).

[32] *Id*. at 1134–36.

[33] *Id*. at 1134 (citing *Brown v. Ahern*, 676 F.3d 899, 900 (9th Cir. 2012); *Carden v. Montana*, 626 F.2d 82, 83 (9th Cir. 1980)).

[34] *State of Alaska v. Paul Benchoff*, Case Nos. 2NO-20-00147CR, 2NO-20-00750CR, 2NO-20-00797CR, 2NO-21-00069CR, 2NO-21-00224CR, 2NO-21-00457CR, 2NO-21-00477CR, and 2NO-21-00553CR, Party Charge Information.

[35] *Cf. Bean*, 986 F.3d at 1133 ("[T]he state has an important interest in prosecuting a murder case[.]").

raise his constitutional challenges in any of his pending cases. He has identified no procedural bars that might prevent him from raising the four grounds he alleges here during the state's proceedings.[36] Lastly, Mr. Benchoff's petition seeks "full dismissal on all counts pertaining to all open cases" of his pending criminal cases.[37] If granted, such relief would "ha[ve] the practical effect of enjoining" the state's proceedings.[38] Mr. Benchoff's petition therefore meets the four requirements of *Younger* abstention.

Furthermore, Mr. Smith presents no other claims or challenges that might implicate one of the exceptions to *Younger* abstention. Mr. Smith has not asserted a colorable claim that his state proceeding is the result of bad faith, harassment, or other extraordinary circumstances.

As to his first claim, although Mr. Benchoff alleges that his speedy trial rights have been violated, his petition does not allege proper grounds for a speedy trial violation. When examining § 2241 petitions from a pretrial detainee, a significant delay in the proceedings must be shown. In *McNeely*, the Ninth Circuit held that a delay of three years was substantial and that prejudice was presumed.[39] The Ninth Circuit found that the four-part test articulated by the Supreme Court in

---

[36] *See Commc'ns Telesystems Int'l v. Cal. Pub. Util. Comm'n*, 196 F.3d 1011, 1020 (9th Cir. 1999) (explaining that satisfying the "adequate opportunity" prong of *Younger* "requires only the absence of 'procedural bars' to raising a federal claim in the state proceedings").

[37] Docket 1 at 8.

[38] *Bean*, 986 F.3d at 1333 (quoting *Page*, 932 F.3d at 902).

[39] 336 F.3d at 826. By the time that the case reached the Ninth Circuit, the delay was then extended to more than five years.

Case No. 1:22-cv-00085-RRB, *Benchoff v. State of Alaska*
Order of Dismissal
Page 7 of 11

*Barker v. Wingo*[40] was triggered to determine whether government delay had abridged a defendant's Sixth Amendment right to a speedy trial.[41]  The factors to be considered in a *Barker* inquiry include:  "(1) the length of the delay; (2) the reasons for the delay; (3) the accused's assertion of the right to speedy trial; and (4) the prejudice caused by the delay.  No single factor is necessary or sufficient."[42]

Here, any alleged delays do not meet presumptive prejudice.  According to CourtView for Mr. Benchoff's oldest case, the State filed Initial Charging Documents on March 26, 2020, and Mr. Benchoff was arraigned on April 9, 2020.[43]  Subsequently, Mr. Benchoff has had multiple status hearings, a second arraignment, two bail hearings, and a representation hearing.[44]  These delays do not create a presumption of prejudice against Mr. Benchoff.  Moreover, even if they did, the fact that Mr. Smith's petition seeks a "full dismissal" of his charges makes clear that he is asserting his speedy-trial rights as an affirmative defense, not as a challenge to pretrial detention.[45]  Mr. Benchoff does not explain how any pre-trial

---

[40] 407 U.S. 514, 530 (1972).

[41] *McNeely*, 336 F.3d at 826 (citing *Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992)).

[42] *Id.* (citing *Barker*, 407 U.S. at 530).  Although the *McNeely* court granted a § 2241 petition's request for dismissal with prejudice on speedy-trial grounds, the Ninth Circuit has since clarified that *McNeely* "did not alter" the rule that "abstention principles generally require a federal district court to abstain from exercising jurisdiction over a habeas petition in which the petitioner raises a claim under the Speedy Trial Clause as an affirmative defense to state prosecution." *Brown*, 676 F.3d at 903.  *McNeely* "simply confirm[ed] that a state may 'effectively waiv[e]' an abstention defense by 'voluntarily submit[ting] to federal jurisdiction even though it might have had a tenable claim for abstention.'" *Brown*, 676 F.3d at 903 (second and third alterations in original) (quoting *Kleenwell Biohazard Waste & Gen. Ecology Consultants, Inc. v. Nelson*, 48 F.3d 391, 394 (9th Cir. 1995)).

[43] *State v. Benchoff*, Case No. 2N0-20-00147CR, Docket Information and Events.

[44] *State v. Benchoff*, Case No. 2N0-20-00147CR, Docket Information and Events.

[45] *See Brown*, 676 F.3d at 902 ("[Petitioner] does not dispute that, in asking for a dismissal of state charges, his federal habeas petition raises a Speedy Trial claim as an affirmative defense

delays in his case might constitute "extraordinary circumstances" for the purposes of *Younger* abstention.[46]

As to his second claim, Mr. Benchoff's alleges constitutional violations related to his inability to challenge the conditions of his confinement and to petition the courts. Claims under the First and Fourteenth Amendments do not fall within "core of habeas corpus;" these allegations would be most commonly brought as a separate civil rights action.[47] Therefore, the Court does not have habeas jurisdiction over this claim. Mr. Benchoff would need to file a separate prisoner civil action on these allegations to gain relief.

Similar to his first claim, Mr. Benchoff's third claim also is precluded by *Younger* abstention. A pretrial detainee may raise an irreparable harm exception to *Younger* for a claim of a constitutionally inadequate bail hearing.[48] However, that is not the claim before the Court. Instead, Mr. Benchoff challenges that his bail is excessive. The proper mechanism for challenging bail as unlawfully excessive is by a motion for a reduction of bail.[49] A review of Mr. Benchoff's pending state court criminal proceedings reflect that he has had a bail hearing in

to state prosecution and is thus foreclosed by the rule of *Carden* unless he demonstrates extraordinary circumstances.").

[46] *See Page*, 932 F.3d at 903 ("[W]e have repeatedly rejected the argument that 'violation of the Speedy Trial Clause [is] *sui generis* such that it suffice[s] in and of itself as an independent 'extraordinary circumstance' necessitating pre-trial habeas consideration.'" (alterations in original) (quoting *Brown*, 676 F.3d at 901)).

[47] *Skinner v. Switzer*, 562 U.S. 521, 525 (2011) ("Where the prisoner's claim would not necessarily spell speedier release, however, suit may be brought under [42 U.S.C.] § 1983.") (internal quotations omitted).

[48] *Supra* note 31.

[49] *Stack v. Boyle*, 342 U.S. 1, 6 (1951).

every pending action.[50]  In Case Nos. 2NO-20-00147CR, 2NO-20-00750CR, 2NO-20-00797CR, 2NO-21-00069CR, and 2NO-21-00224CR, Mr. Benchoff has had two bail hearings, the most recent occurring April 13, 2022.[51]  Accordingly, Mr. Benchoff does not raise a plausible claim of lack of bail hearing, rather a disagreement with the state court's decision of the amount of bail.  Therefore, the Court must abstain under *Younger*.

Similar to his second claim, Mr. Benchoff attempts to raise a general constitutional claim.  Relying on *Matthew v. Superior Court*, without citation or reference to which court authored that opinion,[52] Mr. Benchoff's alleges that "constitutional provisions are self[-]executing."[53]  He does not allege any supporting facts,[54] nor does such an argument support a claim that goes to the "core of habeas corpus."[55]  Accordingly, this claim is insufficient plead and does not fall within the purview of a federal district court's habeas jurisdiction.

In summary, the Court lacks habeas jurisdiction over Mr. Benchoff's second and fourth claims.  Further, Mr. Benchoff has not established grounds for applying to the irreparable harm exception to *Younger* abstention as to his first and third

---

[50] *State v. Benchoff*, Case Nos. 2NO-20-00147CR, 2NO-20-00750CR, 2NO-20-00797CR, 2NO-21-00069CR, 2NO-21-00224CR, 2NO-21-00457CR, 2NO-21-00477CR, 2NO-21-00553CR, Docket Information and Events.
[51] *State v. Benchoff,* Case Nos. 2NO-20-00147CR, 2NO-20-00750CR, 2NO-20-00797CR, 2NO-21-00069CR, 2NO-21-00224CR, Docket Information and Events.
[52] The Court cannot find an applicable case by this title authored by the Ninth Circuit Court of Appeals, the Alaska Supreme Court, or the Alaska Court of Appeals.
[53] Docket 1 at 8.
[54] Docket 1 at 8.
[55] *Supra* notes 44 & 45.

claims. Accordingly, the Court either fundamentally lacks jurisdiction or must abstain from exercising jurisdiction over his petition. Mr. Benchoff therefore has not presented viable grounds for a habeas petition under 28 U.S.C. § 2241, and his petition must be dismissed.

**IT IS THEREFORE ORDERED:**

1.     The Petition at Docket 1 is **DISMISSED**.

2.     All pending motions are **DENIED AS MOOT**.

3.     The Clerk of Court is directed to enter a final judgment in this case.

4.     A Certificate of Appealability shall not issue.[56]

DATED this 24th day of October, 2022, at Anchorage, Alaska.

*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge

---

[56] 28 U.S.C. §§ 2255(d), 2253(c)(2). *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability may be granted only if applicant made a "substantial showing of the denial of a constitutional right," *i.e.*, a showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further" (internal quotations and citations omitted)).